Lawrence R. LaPorte (State Bar No. 130,003)
*llaporte@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile:  (310) 312-4224

Charles A. Kertell (State Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 371-2500
Facsimile:  (714) 371-2550

Attorneys for Plaintiff
CORE NUTRITIONALS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE NUTRITIONALS, LLC, a Virginia limited liability company,<br><br>        Plaintiff,<br>  v.<br><br>CRUSHIT GEAR, LLC, a Florida limited liability company,<br><br>        Defendant. | Case No.: 8:15-CV-1737<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN, CALIFORNIA UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT, AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Core Nutritionals, LLC ("Core Nutritionals"), files this Complaint against defendant, CRUSHIT GEAR, LLC ("Defendant"), and demanding a trial by jury, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the subject matter of the FIRST and SECOND causes of action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a), as well as 15 U.S.C. §1121, because these causes of action are for federal trademark infringement and federal false designation of origin, respectively, which arise under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1051, *et seq.*

2. This Court also has original jurisdiction over the THIRD through FIFTH causes of action pursuant to the provisions of 28 U.S.C. §1338(b), because these causes of action are for unfair competition under California common law and California Business and Professions Code §17200, and trademark infringement in violation of California common law, all of which are claims for unfair competition under California law that are joined with a substantial and related claim under the trademark laws of the United States.

3. Further, this Court has supplemental jurisdiction over the THIRD through FIFTH causes of action pursuant to the provisions of 28 U.S.C. §1367(a). These state law claims are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

4. Upon information and belief, venue is proper under 28 U.S.C. §§1391(b) and 1391(c), as Defendant does business in this judicial district and a substantial part of the events giving rise to the claims in this case occurred in this judicial district.

## THE PARTIES

5. Core Nutritionals is a Virginia limited liability company, having its principal place of business at 820 North Pollard Street #3, Arlington, Virginia 22203.

6. Upon information and belief, Defendant is a Florida limited liability company, having its principal place of business at 810 Lakeshore Drive, Leesburg, Florida 34748.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement – 15 U.S.C. §1051, *et seq.*)**

7. Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-6, above.

8. For many years, and prior to the acts of Defendant complained of herein, Core Nutritionals has continuously advertised, marketed, promoted, distributed, offered for sale, and sold clothing (including T-shirts, hooded sweatshirts, and shorts) in interstate commerce under the distinctive trademark CRUSH IT®. This clothing is characterized by its outstanding quality, and has enjoyed overwhelming critical and commercial success in the marketplace.

9. Core Nutritionals has obtained, and is the owner of, United States Trademark Registration No. 4,469,572 for CRUSH IT® (hereinafter the "CRUSH IT trademark"). A copy of this federal registration is attached hereto as **Exhibit 1**. This registration remains in full force and effect and, at all relevant times, Core Nutritionals has consistently and continuously displayed the registration symbol "®" or its equivalent since the trademark has become registered.

10. Core Nutritionals has advertised, marketed, promoted, distributed, offered for sale, and sold its clothing (including T-shirts, hooded sweatshirts, and shorts) so that the public associates them with the idea of extraordinary quality and value. In furtherance of that goal, Core Nutritionals usually displays its products and the CRUSH IT trademark in its advertising and promotional presentations. To

date, Core Nutritionals has spent tens of thousands of dollars advertising and promoting its products in conjunction with its trademarks.

11. Defendant has advertised, marketed, promoted, distributed, offered for sale, and/or sold commercially in interstate commerce clothing (including T-shirts, hooded sweatshirts, and shorts) using and/or bearing "CRUSH IT" and/or "CRUSHIT." Examples from Defendant's Internet website (www.crushitgear.com) are attached hereto as **Exhibit 2**.

12. Defendant's advertising, marketing, promotion, distribution, offer for sale, and/or sale of clothing (including T-shirts, hooded sweatshirts, and shorts) using and/or bearing "CRUSH IT" and/or "CRUSHIT" is likely to cause confusion and, upon information and belief, has caused confusion that its products are made by, sponsored by, or affiliated with Core Nutritionals.

13. Defendant's use of "CRUSH IT" and "CRUSHIT" in connection with clothing (including T-shirts, hooded sweatshirts, and shorts) was, and is, without the permission of Core Nutritionals. Upon information and belief, this use was, and is, with the knowledge that such use is confusingly similar to Core Nutritionals' CRUSH IT trademark, which has previously been and is being used by Core Nutritionals.

14. Upon information and belief, Defendant had knowledge of Core Nutritionals' CRUSH IT trademark, its clothing, and the considerable commercial success it has achieved. Core Nutritionals is informed and believes, and thereon alleges, that Defendant willfully and with conscious disregard for Core Nutritionals' CRUSH IT trademark advertised, marketed, promoted, distributed, offered for sale, and/or sold its clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT."

15. The above-recited acts by Defendant constitute trademark infringement of Core Nutritionals' federally registered CRUSH IT trademark in violation of the

PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Complaint for Federal Trademark
Infringement and Unfair Competition

Lanham Act, 15 U.S.C. §1051, *et seq.*, to the substantial and irreparable injury of the public and of Core Nutritionals' business reputation and goodwill.

16. As a result of its acts, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant has made in connection with its advertising, marketing, promotion, distribution, offer for sale, and/or sale of clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT."

17. Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Core Nutritionals. Core Nutritionals has no adequate remedy at law. Core Nutritionals is entitled to preliminary and permanent injunctive relief prohibiting Defendant from engaging in further acts of infringement.

18. As a direct and proximate result of the foregoing acts of Defendant, Core Nutritionals has suffered, and is entitled to, monetary damages in an amount not yet determined. Core Nutritionals is also entitled to its attorneys' fees and costs of suit herein.

19. Upon information and belief, Defendant's acts were in conscious and willful disregard for Core Nutritionals rights to its CRUSH IT trademark, and the resulting damage to Core Nutritionals is such as to warrant the trebling of damages in order to provide just compensation.

## SECOND CAUSE OF ACTION
### (False Designation of Origin – 15 U.S.C. §1125(a))

20. Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-19, above.

21. Core Nutritionals owns and enjoys common law trademark rights in the CRUSH IT trademark, which rights are superior to any rights of Defendant. The CRUSH IT trademark is arbitrary, inherently distinctive, and/or has acquired secondary meaning with the trade and consuming public and/or has become

distinctive in the minds of purchasers in that the CRUSH IT trademark for clothing is associated with Core Nutritionals, as evidenced in part by the grant of United States Trademark Registration No. 4,469,572 therefor.

22.  Upon information and belief, Defendant has used and is using "CRUSH IT" and "CRUSHIT" to advertise, market, promote, distribute, offer for sale, and/or sell its clothing (including T-shirts, hooded sweatshirts, and shorts) with the intent of passing off and confusing the public into believing that its clothing is the same as, originates with, and/or is sponsored by Core Nutritionals.

23.  By advertising, marketing, promoting, distributing, offering for sale, and/or selling its clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT," Defendant has infringed on Core Nutritionals' federal and common law trademark rights in the CRUSH IT trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Defendant's above-recited acts further constitute false designation of origin, false description, false representation, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as such acts are likely to deceive customers and prospective customers into believing that Defendant's clothing (including T-shirts, hooded sweatshirts, and shorts) is from or sponsored by Core Nutritionals and, as a consequence, are likely to divert and, upon information and belief, have diverted customers away from Core Nutritionals.

24.  Upon information and belief, Defendant, if not enjoined by this Court, will continue to sell its clothing (including T-shirts, hooded sweatshirts, and shorts) using and/or bearing "CRUSH IT" and/or "CRUSHIT" in commerce, which clothing will be attributed to having emanated from Core Nutritionals.  Core Nutritionals, however, has no control over the nature and quality of Defendant's clothing, and any fault or objection with said clothing will adversely affect future sales by Core Nutritionals of its products under the CRUSH IT trademark.

25. As a result of its acts, Defendant has been, and will continue to be, unjustly enriched by profits that Defendant has made in connection with its advertising, marketing, promotion, distribution, offer for sale, and/or sale of its clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT."

26. Defendant's continuing infringement has inflicted and, unless restrained by this Court, will continue to inflict great and irreparable harm upon Core Nutritionals. Core Nutritionals has no adequate remedy at law. Core Nutritionals is entitled to preliminary and permanent injunctive relief prohibiting Defendant from engaging in further acts of infringement.

27. As a direct and proximate result of the foregoing acts of Defendant, Core Nutritionals has suffered, and is entitled to, monetary damages in an amount not yet determined. Core Nutritionals is also entitled to its attorneys' fees and costs of suit herein.

28. Upon information and belief, Defendant's acts were in conscious and willful disregard for Core Nutritionals' rights to its CRUSH IT trademark, and the resulting damage to Core Nutritionals is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CAUSE OF ACTION

**(Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

29. Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-28, above.

30. Core Nutritionals has built valuable goodwill in its CRUSH IT trademark. Defendant's advertising, marketing, promotion, distribution, offer for sale, and/or sale of its clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT" is likely to, and does, permit Defendant to trade upon the goodwill of the CRUSH IT trademark and to deceive and confuse the public regarding a connection or affiliation between Core

Nutritionals and Defendant. This conduct results in damage to Core Nutritionals' goodwill and reputation and unjust enrichment of Defendant.

31. By advertising, marketing, promoting, distributing, offering for sale, and/or selling its clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT," Defendant misled others, and will continue to mislead others, into assuming there is a connection between Defendant and Core Nutritionals.

32. Defendant's use of "CRUSH IT" and "CRUSHIT" in connection with clothing (including T-shirts, hooded sweatshirts, and shorts) was, and is, without the consent of Core Nutritionals.

33. Defendant's advertising, marketing, promotion, distribution, offer for sale, and/or sale of clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT" constitutes unfair competition in violation of §17200, *et seq.* of the California Business and Professions Code.

34. Upon information and belief, Defendant, if not enjoined by this Court, will continue to infringe Core Nutritionals' CRUSH IT trademark, and pecuniary compensation will not afford Core Nutritionals adequate relief for the damage to its trademark in the public perception.

35. As a result of its acts complained of herein, Defendant has been, and will continue to be, unjustly enriched by profits which Defendant made in connection with the advertising, marketing, promotion, distribution, offer for sale, and/or sale of clothing (including T-shirts, hooded sweatshirts, and shorts) bearing and/or using "CRUSH IT" and/or "CRUSHIT."

## FOURTH CAUSE OF ACTION

**(Common Law Trademark Infringement)**

36. Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-35, above.

37. By reason of Core Nutritionals' continuous use and promotion of its CRUSH IT trademark, as well as the distinctiveness of that trademark, consumers associate and recognize the CRUSH IT trademark as representing a single, even if anonymous, source or sponsor of goods and therefore the CRUSH IT trademark is a protectable trademark at common law.

38. Core Nutritionals' CRUSH IT trademark is arbitrary, inherently distinctive, and/or has acquired secondary meaning with the trade and consuming public and/or has become distinctive in the minds of purchasers in that the CRUSH IT trademark for clothing (including T-shirts, hooded sweatshirts, and shorts) is associated with Core Nutritionals.

39. Defendant has used "CRUSH IT" and "CRUSHIT," which are the same as or confusingly similar to the CRUSH IT trademark. Defendant's use of "CRUSHIT" and "CRUSHIT" has created a likelihood that the trade and consuming public will be confused as to the source of the products.

40. The advertising, marketing, promotion, distribution, offer for sale, and/or sale by Defendant of clothing (including T-shirts, hooded sweatshirts, and shorts) throughout the United States bearing and/or using "CRUSH IT" and/or "CRUSHIT" is likely to cause confusion and, upon information and belief, has caused confusion as to the source of the clothing in that purchasers thereof will be likely to associate or have associated such products as originating with Core Nutritionals, all to the detriment of Core Nutritionals.

41. By reason of Defendant's actions alleged herein, Core Nutritionals has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its CRUSH IT trademark unless and until Defendant is enjoined from continuing its wrongful acts.

42. By reason of Defendant's actions alleged herein, Core Nutritionals has been damaged in an amount not presently ascertained, and such damage will

continue and increase unless and until Defendant is enjoined from continuing its wrongful acts.

43. Upon information and belief, Defendant's conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Core Nutritionals' rights in its CRUSH IT trademark, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

44. Core Nutritionals repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1-43, above.

45. Defendant's advertising, marketing, promotion, distribution, offer for sale, and/or sale of its clothing (including T-shirts, hooded sweatshirts, and shorts) is likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendant and Core Nutritionals, and constitutes unfair competition at common law.

46. By reason of Defendant's actions in connection with its clothing (including T-shirts, hooded sweatshirts, and shorts), Core Nutritionals has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its CRUSH IT trademark unless and until Defendant is enjoined from continuing its wrongful acts.

47. By reason of Defendant's actions in connection with its clothing (including T-shirts, hooded sweatshirts, and shorts), Core Nutritionals has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until Defendant is enjoined from continuing its wrongful acts.

48. Upon information and belief, Defendant's conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Core Nutritionals' rights in its CRUSH IT trademark, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

# PRAYER FOR RELIEF

WHEREFORE, Core Nutritionals respectfully demands judgment:

1. That Defendant, its officers, directors, agents, servants, employees, attorneys, confederates and all persons and/or entities acting for, with, by, though, or in concert with them, or any of them, be enjoined preliminarily and permanently:

   (a) from using "CRUSH IT" "CRUSHIT," "CRUSH," and/or any other designation which is a colorable imitation of, or is confusingly similar to, the CRUSH IT trademark in connection with the advertising, marketing, promotion, distribution, offer for sale, and/or sale of clothing (including T-shirts, hooded sweatshirts, and shorts);

   (b) from representing in any manner, or by any method whatsoever, that goods, services, or other products provided by Defendant are sponsored, approved, authorized by, and/or originate from Core Nutritionals or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

   (c) from infringing the CRUSH IT trademark; and

   (d) from unfairly competing with Core Nutritionals in any manner.

2. That Defendant be required to prepare and deliver to this Court a complete list of entities to whom it distributed or sold clothing (including T-shirts, hooded sweatshirts, and shorts) using and/or bearing "CRUSH IT," "CRUSHIT," and/or any confusingly similar variations thereof, and to serve a copy of such list on Core Nutritionals' attorneys.

3. That Defendant be required to deliver to this Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any clothing (including T-shirts, hooded sweatshirts, and shorts) using and/or bearing "CRUSH IT," "CRUSHIT," and/or any confusingly similar variations thereof, and to serve a copy of such documents on Core Nutritionals' attorneys.

4. That Defendant be required to deliver up to Core Nutritionals for destruction all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing "CRUSH IT," "CRUSHIT," and/or any confusingly similar variations thereof.

5. That Defendant, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with this Court and serve upon Core Nutritionals' attorneys a written report, under oath, setting forth in detail the manner in which Defendant has complied with Paragraphs 1-4, above.

6. That Defendant be required to account for and pay over to Core Nutritionals its profits and the cumulative damages sustained by Core Nutritionals by reason of Defendant's unlawful acts of trademark infringement and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Core Nutritionals.

7. That this Court order disgorgement and/or restitution of Defendant's profits to Core Nutritionals.

8. That Core Nutritionals be awarded its reasonable costs and attorneys' fees.

9. That Core Nutritionals be awarded punitive damages.

10. That Core Nutritionals have such other and further relief as this Court may deem equitable.

Dated: October 27, 2015

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Lawrence R. LaPorte*
Lawrence R. LaPorte

Attorneys for Plaintiff
CORE NUTRITIONALS, LLC

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of the Central District of California, plaintiff Core Nutritionals, LLC hereby demands a trial by jury on all issues triable in this action.

Dated:  October 27, 2015

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Lawrence R. LaPorte*
     Lawrence R. LaPorte

Attorneys for Plaintiff
CORE NUTRITIONALS, LLC